IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **FRANCISCO MELENDEZ,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:12-CV-01332-L** |
| | § | |
| **HOQUE & MUMITH, INC. d/b/a** | § | |
| **AMERICAN LIMOS AND** | § | |
| **TRANSPORTATION and ALT** | § | |
| **WORLDWIDE CHAUFFEURED** | § | |
| **SERVICES,** | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendant's Motion to Compel Arbitration and Motion to Dismiss, filed May 24, 2012. After carefully reviewing the motion, Plaintiff's response, and applicable law, the court **grants** Defendant's Motion to Compel Arbitration and Motion to Dismiss.

**I.     Background**

Plaintiff Francisco Melendez ("Melendez") brought this action against Defendant Hoque & Mumith, Inc. d/b/a American Limos and Transportation and Alt Worldwide Chauffeured Services ("Defendant") on April 30, 2012, alleging causes of action for failure to pay wages and retaliation under the Fair Labor Standards Act ("FLSA"). Melendez alleges in his Complaint that he was employed by Defendant as a limousine driver from approximately August 2010 to December 18, 2010, and at all times during his employment he was paid by the hour and received additional payment in the form of bonuses and other compensation. Melendez contends that he regularly worked more than 40 hours per week, but Defendant did not pay him an overtime premium of at

**Memorandum Opinion and Order – Page 1**

least one and one-half times his regular rate of pay for hours worked over 40 in a workweek during his employment.  He further maintains that Defendant threatened to countersue when he approached Defendant in an attempt to resolve his FLSA claim without resort to litigation.  Defendant filed this motion, seeking to compel arbitration of Melendez's FLSA claims pursuant to an arbitration provision in an Associate Agreement ("Agreement") signed by Melendez that governs the terms of his employment with Defendant as a limousine driver.   Defendant also requests that this action be dismissed rather than stayed if its motion to compel arbitration is granted.

## II.    Analysis

Defendant contends that Melendez's FLSA claims are subject to the  arbitration  provision in Agreement signed by him.  Melendez counters that the Agreement is unenforceable because the parties never agreed on when the Agreement would begin.  Melendez therefore contends that the Agreement lacks an essential term and is unenforceable because of indefiniteness.  Melendez further contends that even if enforceable, the arbitration agreement does not encompass his overtimes claims.  While Melendez concedes that his lawsuit relates to his employment, he argues that it does not arise from or relate to any of the terms of the Agreement.

The court uses a two-step inquiry to determine whether parties should be compelled to arbitrate a dispute.  *Banc One Acceptance Corp. v. Hill*, 367 F.3d 426, 429 (5th Cir. 2004).  The court first determines whether the parties agreed to arbitrate the dispute. *Id*.  If it concludes that the parties agreed to arbitrate the dispute, the court then considers "whether any federal statute or policy renders the claims non-arbitrable."  *R.M. Perez & Assocs., Inc. v. Welch*, 960 F.2d 534, 538 (5th Cir. 1992).  Whether the parties agreed to arbitrate involves a determination under state law as to whether a valid arbitration agreement exists and whether the specific dispute at issue falls within the scope

of the arbitration agreement. *Banc One Acceptance Corp.*, 367 F.3d at 429. The strong federal policy favoring arbitration does not apply to the initial determination of whether there is a valid arbitration agreement; however, the court is guided by this policy and must resolve all ambiguities in favor of arbitration if it determines that an agreement to arbitrate exists. *Id.*

Defendant, as the party seeking to compel arbitration, has the burden of establishing, by a preponderance of the evidence, the existence of an arbitration agreement. *Banks v. Mitsubishi Motors Credit of Am., Inc.*, 435 F.3d 538, 540 (5th Cir. 2005). If Defendant establishes that an arbitration agreement exists, the burden shifts to Melendez, the party opposing arbitration, to show that the arbitration agreement is not enforceable, or that the dispute does not come within the scope of the arbitration agreement. *Id.* In deciding this issue, the court considers consider whether any federal statute or policy renders the claims non-arbitrable. *Id.* The Federal Arbitration Act ("FAA") provides for a mandatory stay of proceedings when an issue is referable to arbitration. 9 U.S.C. § 3. An action may be dismissed, however, if all of the plaintiff's claims are arbitrable. *See, e.g., Fedmet Corp. v. M/V Buyalyk*, 194 F.3d 674, 678 (5th Cir. 1999) (citing *Alford v. Dean Witter Reynolds*, 975 F.2d 1161, 1164 (5th Cir. 1992)).

Both parties acknowledge that Texas state law applies to determine whether a valid arbitration agreement exists. Under Texas law, the issue of whether an agreement constitutes an enforceable contract is usually a question of law. *Shin-Con Dev. Corp. v. I.P. Invs., Ltd.*, 270 S.W.3d 759, 765 (Tex. App.  Dallas 2008, pet. denied) (citation omitted). To be enforceable, "an agreement must be sufficiently definite to enable a court to understand what the promisor undertook." *Id.* (citing *T.O. Stanley Boot Co., Inc. v. Bank of El Paso*, 847 S.W.2d 218, 221 (Tex. 1992)). Definiteness in a contract's material terms is required because a party cannot accept an offer

unless the terms of the offer are reasonably certain.  *Id.* (citing *Fort Worth Indep. Sch. Dist. v. City of Fort Worth*, 22 S.W.3d 831, 846 (Tex. 2000)).  The parties must agree to all essential terms of an agreement for the contract to be enforceable.  *Stanley Boot Co.*, 847 S.W.2d at 221.  If the agreement is so indefinite as to make it impossible for the court to determine the legal obligations of the parties, it is not enforceable.  *Shin-Con Dev. Corp.*, 270 S.W.3d at 765.

In support of its motion to compel, Defendant submitted a copy of the Agreement signed by Melendez on August 24, 2010, that contains the following arbitration provision: "Any claim or controversy that arises out of or relates to this agreement, or the breach of it, shall be settled by arbitration in accordance with the rules of the American Arbitration Association.  Judgment upon the award rendered may be entered in any court with jurisdiction."  Doc. 9, Exh. A 2.  Defendant has therefore met its burden of establishing that an arbitration agreement exists and the burden shifts to Melendez to show that the arbitration agreement is not enforceable, or that his claims do not come within the scope of the arbitration agreement.

Melendez first asserts that the Agreement containing the arbitration provision never became effective because the first page includes a space for the effective date of the Agreement that was left blank.  Melendez contends that the effective date is an essential term of the parties' Agreement.  For support that an effective date is an essential term, he relies on a handful of authorities that are not binding on this court and are distinguishable because, as explained herein, the parties' duties in this case do not flow from the effective date of the contract but instead flow from the period of time Melendez was employed by Defendant as a limousine driver.[*]  He further notes that the Agreement

---

[*] Melendez cites the following cases: *Cohran v. Liberty Mut. Ins. Co.*, 368 S.E.2d 751, 752 (Ga. 1988) (effective date of contract determined to be essential in case involving the issue of whether a claim was covered under a renewal insurance policy where the renewal negotiations  involved a counteroffer with a proposed effective date that

Case 3:12-cv-01332-L   Document 15   Filed 07/03/12   Page 5 of 7   PageID 64

is dated August 24, 2012, the date he signed the Agreement, but that he signed the Agreement ten days after he began working for Defendant.

The specific provision in the Agreement referred to by Melendez states: "Term of Employment: Subject to the provisions set forth below, this agreement will begin on _____." *Id.* 1.   The two-page Agreement is not a term contract.  In other words, it does not guarantee employment to Melendez for a set period of time.  Instead, it states that Defendant agrees to employ Melendez based on the terms and conditions set forth in the Agreement and that Defendant may terminate him without cause upon two weeks' notice.  The Agreement also sets forth Melendez's title, his duties and compensation, confidential treatment of proprietary information, responsibility for accidents and traffic violations, death benefits, restrictions on postemployment solicitation of Defendant's clients, a requirement that Melendez provide assistance with litigation if requested, settlement by arbitration of disputes, Defendant's nonwaiver of the right to enforce the Agreement, and a provision that the Agreement applies to the company's successors and assignees.  At the bottom of the second page of the Agreement, Melendez agreed to the terms of the Agreement as evidenced by his signature.

Because the Agreement is not a term contract and it is sufficiently clear from the contract's terms that it applies to that period of time that Melendez is employed by Defendant, the court concludes that the commencement date of the Agreement is not essential to the contract or the parties' agreement to arbitrate.  Accordingly, the court rejects Melendez's argument that the contract

---

was neither accepted nor rejected as of the date of the loss); *Luigino's Inc. v. Societes des Produits Nestle S.A.*, No. 03-4186ADM/RLE, 2005 WL 735919, at *3 (D. Minn. Mar. 30, 2005) (concluding that "[A]ll of the Agreement's critical obligations flowed from the effective date."); *Duhr v. Viking Ins.*, 1984 WL 180129, at *1 (Wis. Ct. App., Aug. 23, 1984) (another insurance case where coverage of a loss claim was predicated on the effective and expiration dates of an insurance policy and involved the issue of whether a subsequently issued policy retroactively covered the liability claimed).

**Memorandum Opinion and Order – Page 5**

and agreement to arbitrate are unenforceable as written, and the court is not aware of any federal statute or policy that would render the arbitration provision unenforceable.

Moreover, as Defendant correctly notes, Melendez's argument regarding indefiniteness goes to the contract as a whole, and not specifically to the arbitration provision, and therefore does not render the arbitration agreement itself unenforceable. *In re Kaplan Higher Educ. Corp.*, 235 S.W.3d 206, 210 (Tex. 2007) (refusing to apply unclean hands defense where misconduct pertained to the contract as a whole and concluding that defendants' alleged unclean hands did not render the arbitration agreement unenforceable) (quoting *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 449 (2006) ("We reaffirm today that . . . a challenge to the validity of the contract as a whole, and not specifically to the arbitration clause, must go to the arbitrator.")).

Next, Melendez argues that even if the arbitration agreement is enforceable, his claim for overtime compensation does not arise out of or relate to the Agreement or any breach of the Agreement and thus does not fall within the scope of the arbitration agreement. For further evidence that his claims are outside the scope of the arbitration agreement, he again notes that he started working for Defendant on August 14, 2010, but he did not sign the Agreement until August 24, 2010. Melendez thus maintains that if the court compels arbitration of his claims, it should only compel those that deal with his claims for compensation after August 24, 2010, because the Agreement that he did not sign until August 24, 2010, cannot possibly apply to claims before this date. The court again disagrees.

The Agreement at issue unquestionably deals with the compensation Melendez is entitled to while employed by Defendant as a limousine driver, regardless of his employment commencement date or the date he signed the Agreement, and the arbitration agreement encompasses all claims and

**Memorandum Opinion and Order – Page 6**

controversies arising from or related to matters covered by the Agreement, including compensation issues.  Melendez's claim for compensation and related matters are therefore covered by the parties' agreement to arbitrate.  Accordingly, the court concludes that Defendant's Motion to Compel Arbitration should be granted.  Furthermore, since all of Melendez's claims are arbitrable, the court determines that dismissal of this action is appropriate.  *Alford*, 975 F.2d at 1164.

**III.    Conclusion**

For the reasons explained, the court **grants** Defendant's Motion to Compel Arbitration and Motion to Dismiss, and **dismisses** this action **with prejudice**.  The parties shall arbitrate all claims raised by Plaintiff in accordance with the provision of the Agreement relating to arbitration.

**It is so ordered** this 3rd day of July, 2012.

Sam A. Lindsay
United States District Judge